NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
AUG 0 4 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-278-KSF

KOSTANTINOS KOUTILEDAKIS     PETITIONER

VS:     **MEMORANDUM OPINION AND ORDER**

MR. BOOKER     RESPONDENT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Kostantinos Koutiledakis, an individual presently confined at the Federal Medical Center in Lexington, Kentucky, has paid the $5.00 filing fee and submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

ALLEGATIONS OF THE PETITION

On July 5, 2005, the petitioner submitted a commonly used petition form on which he has typewritten only the above caption identifying the parties and the following allegations.

> Due to the overcrowded facility that I am currently housed, there is no longer room available for me to attend my judge recommended drug program which will cause an increase in my release. I was originally scheduled for March, which I ran into the same problem. My recent rescheduling date was June 17th. Again, due to the overcrowding of this facility, I have again been turned away.
>
> As it stands right now, my time will increase by six months beyond what the court has conveyed to me. I am urging this court to remedy this problem by either placing me in a facility to accommodate this program, or advise Mr. Booker

Record No. 1 at 5. Koutiledakis has signed the petition under penalty of perjury.

## DISCUSSION

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a district court the authority to dismiss a case at any time if the Court makes certain findings, including that the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

The Court begins with a pre-condition to filing a petition for writ of habeas corpus, the would-be petitioner's exhaustion of administrative remedies. Prisoners in the custody of the Federal Bureau of Prisons ("BOP") are required to exhaust BOP administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").

The administrative remedies available to inmates confined in BOP institutions requires that a prisoner present his complaint or grievance to 4 levels of officials, as is set out at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden, on a BP-9 form. *See* §542.14(a). If the

2

inmate is not satisfied with the Warden's response, he may appeal to the Regional Director (BP-10 form), and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel (BP-11). *See* §542.15.

The administrative procedure includes established response times. §542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.*

The instant petitioner does not allege exhaustion of the administrative process prior to filing in federal court. In fact, if the March and June references in his allegations are in 2005, he has not even had time to exhaust the administrative scheme. To the extent that the Court may construe his allegations to be a request that he not be required to exhaust, he sets forth no grounds therefor. *See James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987).

Additionally, the instant petitioner's submission is a classic example of the types of cases which the exhaustion requirement is designed to prohibit, *i.e.*, bare allegations which come before the Court with no record for the federal court's review. One of the reasons for the exhaustion requirement is to prepare a record for the courts. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). The record before this Court today contains only the *pro se* petitioner's scant allegations, and no dates or rationales for what has taken place thus far.

Therefore, although a court may waive the exhaustion requirement, it must be on a record supporting such a ruling, not on the one presented herein. *See Colton v. Ashcroft*, 299 F. Supp.2d 681 (E.D.Ky. 2004) (waiving the exhaustion requirement). Because the instant petitioner has not

3

exhausted the BOP's administrative remedy process, the Court has no choice but to deny the instant petition. The dismissal will be without prejudice to his ability to bring the same issue in a later petition with a demonstration of exhaustion or the futility of exhaustion.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Kostantinos Koutiledakis' petition for writ of habeas corpus is **DENIED** and **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 4th day of ~~July~~ August, 2005.

KARL S. FORESTER, SENIOR JUDGE